**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza,<br><br>Plaintiff,<br><br>v.<br><br>Phillip Irby, et al.,<br><br>Defendants. | No. CV-17-00236-TUC-DCB<br><br>**ORDER** |

On June 6, 2018, the Court granted Defendants an extension of time to file a dispositive motion because Plaintiff failed to authorize release of his medical records, which Defendants asserted they needed to prepare the dispositive motion. Defendants had timely tendered discovery requests and the medical release form in mid-March but failed to file a Motion to Compel when Plaintiff failed to respond. Plaintiff also failed to conduct any discovery of his own.

Defendants sought a 60 day extension of time to file a dispositive motion. The Court granted a 30-day extension of time to file the dispositive motion and ordered the Plaintiff to immediately sign and return the authorization for his medical records. The Court did not extend time for discovery. On June 14, the Plaintiff filed a Motion to Deny the Extension and Motion to Compel. (Doc. 30.) He signed and returned the medical release authorization but objects to the extension and use of any medical records. He asserts his medical records may not reflect the attack because Corizon medical staff kept shoddy records and to prove the attack, he needs access to his SSU and STG files. The

Special Security Unit (SSU) investigates prison gang or Security Threat Group (STG) activities. (Response (Doc. 31) at 2n1.) He also complains that he is not being given access to his legal-material boxes and, therefore, cannot respond to the Motion for Summary Judgement filed by the Defendant on July 16, 2018. (Doc. 36 (citing MSJ (Doc. 33). The Plaintiff seeks an extension of 30 to 60 days of the deadline for filing his Response to the Motion for Summary Judgment. (Motion (Doc. 36) at 2.)

The Defendants have investigated the assertion that the Plaintiff lacks access to his legal materials. They report that his 18 banker-style boxes of legal materials were recently transferred from SMU I in Florence to Rast Unit at ASPC-Lewis in Buckey, where Plaintiff is now housed. He had four legal boxes delivered to his cell on August 29, 2018, and may request exchanges of boxes on a one-for-one basis pursuant to DO 902, Inmate Legal Access to the Courts policy. Given the delay in accessing his legal materials, the Defendants do not object to his request for an extension of time to file a Response to the Motion for Summary Judgment. They do object to his assertion that the Court compel them to provide Plaintiff with access to SSU and STG files. Defendants assert the Court cannot compel them to provide discovery the Plaintiff never sought.

The Court grants the extension of time to file the Response but denies leave for any further discovery in this case. Plaintiff alleges a First Amendment free-exercise-of-religion claim against Defendants because they discontinued his kosher diet. He also alleges that he was attacked by several prisoners because he was bringing heat to his race by refusing to accept non-kosher meals. The latter charge goes to damages, not liability. Both parties were afforded an opportunity to conduct discovery in this case. The time for discovery ended May 8, 2018.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion to Compel access to SSU and STG files (Doc. 30) is DENIED.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Extension of time to file the Response to Motion for Summary Judgment (Doc. 36) is GRANTED.

1    **IT IS FURTHER ORDERED** that the Plaintiff shall have 30 days from the filing
2    date of this Order to file the Response to the Motion for Summary Judgment.  NO
3    FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.
4    Dated this 11th day of September, 2018.

_____
Honorable David C. Bury
United States District Judge