**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-00236-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Phillip Irby, et al., | |
| Defendants. | |

Defendant filed a Motion for Summary Judgment on July 16, 2018, but Plaintiff has sought one extension of time after another for filing the Response, without objection, because he has been moved from one facility to another and access to his legal materials was delayed. On October 19, 2018, the Court allowed for one last extension of time and ordered the Defendants to arrange for him to immediately request an exchange of legal boxes so that the Plaintiff could have in his cell the legal boxes relevant to this action for preparing his Response to the Motion for Summary Judgment. (Order (Doc. 41)).

When Defendants provided the Plaintiff with the forms to request the legal box exchange, he wrote that he needed access to all the boxes because prison staff had mixed up the contents and he did not know what legal materials were in which boxes. (Ds Supplemental Notice, Attachment 1: Inmate Letter 10/25/2018 (Doc. 43-1)). It appears that the Plaintiff has four legal boxes in his cell and ten in storage. In storage, there are two boxes labeled #1, 3, 4, 7, 9, 11, 12, and one box labeled 5 and 6. *Id.* at Attachment 2: Check List for Storage of Inmate Legal Materials. It appears that since Plaintiff's

transfer he has made three exchanges. On August 29, 2018, he returned boxes 7 and ll, reviewed boxes 6, 7, 11 and 17 and retained 6 and 17. On October 3, 2018, he reviewed 9, 12, and 13, and returned them. On October 24, 2018, he reviewed boxes 14 and 15. 12, 13, and 9. The Court notes that on October 25, 208, when the Plaintiff asked to review all the legal boxes, he had already had access to the legal boxes three times and reviewed roughly half of them. His request to review them all under these circumstances suggests a certain degree of dilatoriness by Plaintiff.

After the Court issued its Order on October 19, 2018, and Plaintiff said he needed to review all his legal boxes in storage, the Associate Deputy Warden at the Arizona State Prison Complex Lewis-Rast Unit, Donald Renault, made an "extraordinary arrangement" for that to happen on November 1, 2018. Associate Deputy Warden attests that he personally spoke to the Plaintiff at his cell front and advised him that he should be prepared to be escorted on the morning of November 1 to review the contents of his stored legal boxes. *Id.* at Ex. A: Renault Decl. ¶8.[1] The Deputy Warden reports that when CO II Bong went to Espinoza's cell for the purpose of escorting him to review his legal materials that Espinoza refused and told CO II Bong, "I'm sleeping I don't want to get up NO I'm not going." *Id.* ¶10. CO II Bong documented this in an Information Report. *Id.* at Attachment 3. CO II Espino documented that the legal material boxes were then returned to storage. *Id.,* Continuation Sheet to Information Report.

Plaintiff files a Response to the Defendants' Supplemental Notice to the Court reporting the above. Defendant moves to strike the Response because there is no rule which allows for filing responses to Notices. The Court will not strike the Plaintiff's Response. The Plaintiff essentially accuses the Defendants of lying to the Court.

According to the Plaintiff, he does not recall any CO coming by his cell offering a legal box review; CO Bong failed to submit a first-hand account and all attestations regarding what Plaintiff told CO Bong are hearsay, and the Inmate Letter asking to review all his boxes was completed that way at the express direction of CO III Troman.

---

[1] The Court recognizes that the Deputy Warden misstated the day he spoke with the Plaintiff as being on Tuesday, October 27 because the 27th is a Saturday.

As for Associate Deputy Warden Renault's declaration, the Plaintiff asserts it contains inaccuracies, fabrications, and misleading statements such as: 1) out-of-cell movement is not strictly controlled because staff violate policies and procedures for letting inmates near each other, 2) there were no extraordinary measurers undertaken to allow him to review the legal material boxes because his cell is secure and the boxes could have just been brought there, and 3) he may have been asleep and not cognizant of CO II Bong because he takes psych meds. He denies that a conversation occurred between Renault and himself on Tuesday, October 27th because that was a Saturday, not a Tuesday and neither on Tuesday, October 23 or 30, did Renault advise Espinoza that he should be prepared to be escorted on the morning of November 1 to review his stored legal boxes. (Response (Doc. 44)).

Associate Deputy Warden Renault makes his Declaration under penalty of perjury. *Id.* at 2. The Plaintiff too asserts his response is a declaration made "under penalty of perjury. (Response (Doc. 44) at 3.)

Plaintiff is wrong in urging the Court to disregard evidence related to what he told CO II Bong. CO II Bong did provide a first-hand account in his Information Report. (Ds Supplemental Notice, Attachment 3: Information Report 11/1/2018 (Doc. 43-1)). To believe the Plaintiff, the Court would have to disbelieve Associate Deputy Warden, CO IIs Bong and Espino, and would have to believe that CO III Troman told the Plaintiff to ask to review all the boxes. To what end and why would CO III initiate the idea of Plaintiff seeking this "extraordinary arrangement." To believe the Plaintiff the Court would have to believe that all the ADC staff involved in carrying out the directives in the Court's October 19, 2018, Order perjured themselves. Such coordinated out-right lying to this Court would require a conspiracy. The Court finds no evidence to support the Plaintiff's assertion that all these individuals perjured themselves to prevent him for reviewing the legal boxes he has in storage.

In its last Order, allowing one last extension of time for the Plaintiff's Response to the Defendants' Motion for Summary Judgment, the Court ordered that there would be no

further extensions of time.  The Court finds this is an appropriate sanction in response to the Plaintiff's lack of diligence in securing whatever legal materials he needs to file his Response.

**Accordingly,**

**IT IS ORDERED** that the Motion to Strike (Doc. 45) is DENIED.

**IT IS FURTHER ORDERED** that the Plaintiff's Response to Defendants' Motion for Summary Judgment shall be due within 30 days of the filing date of this Order.  THERE SHALL BE NO FURTHER EXTENSIONS OF TIME.  Failure to file the Response shall be deemed consent to granting the motion and the Court shall summarily rule without a response on the Motion for Summary Judgment.  LRCiv. 7.2(i).

Dated this 16th day of November, 2018.

Honorable David C. Bury
United States District Judge