**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-00236-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Phillip Irby, et al., | |
| Defendants. | |

The last Order of this Court, issued February 11, 2019, circumvented its earlier Order requesting proof of Plaintiff's alleged assault and instead continued the time for him to file the Response to the pending Motion for Summary Judgment to: until he is released from watch status. (Order (Doc. 61)). The Court assumed that Plaintiff's writing-arm would be recovered from the alleged injury incurred in the assaults of December 21 and 23, 2018. On February 14, 2019, the Plaintiff filed a Response to the Court's January 4, 2019, Order, wherein the Court requested proof of the injury, and asks the Court to order his release from the mental health watch pod. (Doc. 63.) It appears his writing-arm is fully recovered.

The Court notes that as of December 20, 2018, Plaintiff had finally had access to all 14 of his legal boxes to enable him to determine which ones were needed to prepare his Response to the Motion for Summary Judgment. He was retaining two boxes, both numbered 1, and boxes three and four. (Order (Doc. 58) at 2.) He had been given another copy of the Defendants' Motion for Summary Judgment by Warden Renault. Plaintiff has

now been transferred to ASPC-Eyman-Browning. Defendants report that they do not know whether his legal materials have followed. The Court notes that the transfer to Eyman-Browning was on January 30, 2019.

The Defendants' Motion for Summary Judgment has been pending since July 16, 2018. Plaintiff reviewed all his legal materials as recently as December. Therefore, it is imperative that the Response be filed now. The Warden in charge of Eyman-Browning shall ensure that for a minimum of three hours per week while on mental health watch, the Plaintiff has access to pen and paper, and his legal materials (both boxes numbered 1 and boxes 3 and 4, unless Plaintiff asks for others),[1] including the copy of the Motion for Summary Judgment and corresponding Statement of Facts,[2] for the purpose of preparing the Response to the Motion for Summary Judgment pending in this case. Plaintiffs' access shall be documented.[3]

**Accordingly,**

**IT IS ORDERED** that the Motion for Extension (Doc. 63) is DENIED.

**IT IS FURTHER ORDERED** that <u>within five days of the filing date of this Order</u> the Warden in charge of Eyman-Browning shall ensure that for a minimum of three hours per week while on mental health watch, the Plaintiff has access to pen and paper, and his legal materials for the purpose of Plaintiff's preparation of his Response to the Motion for Summary Judgment pending in this case.

---

[1] The Court does not mean to suggest that Plaintiff may have more than the allowed four-box total, only that he may choose the boxes he needs to prepare the Response to the Motion for Summary Judgment. Plaintiff may not, however, resurrect his past assertions that he doesn't know which boxes he needs for the Response. The Court addressed this issue, ordered Defendants to allow him to review all his boxes, ensured that he actually had access to each and every one of the 14 boxes, and recorded his final choice of boxes he was retaining for the purpose of preparing the Response to the Motion for Summary Judgment. Plaintiff may now have four boxes of his choosing to prepare his Response. To be clear, he will not be granted any extensions of time related to changing out boxes of legal materials over the next four weeks.

[2] Defendants may want to provide the Warden at Eyman-Browning with a copy of the Motion for Summary Judgment and Statement of Facts out of an abundance of caution to ensure that Plaintiff has all the legal materials necessary to prepare the Response.

[3] The Warden shall document Plaintiff's access as follows: 1) the box numbers of the legal materials, 2) that Plaintiff's legal materials include a copy of the Motion for Summary Judgment and Statement of Facts, and 3) the dates and times he has access to pen and paper and the legal materials while on mental health watch.

**IT IS FURTHER ORDERED** that the Plaintiff shall file the Response to the Motion for Summary Judgment by April 15, 2019. NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff's access to pen and paper and his legal materials shall be documented and filed with the Court by the Defendants on April 15, 2019.

**IT IS FURTHER ORDERED** that in the event the Plaintiff does not file the Response by April 15, 2019, this Court shall rule summarily to resolve the pending Motion for Summary Judgment. LRCiv. 7.2(i).

**IT IS FURTHER ORDERED** that the Defendants shall provide the Warden of Eyman-Browning a copy of this Order, and the Warden shall provide a copy of it to the Plaintiff along with the legal materials, herein, ordered to be provided to Plaintiff.

Dated this 6th day of March, 2019.

Honorable David C. Bury
United States District Judge