**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-00236-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Phillip Irby, et al., | |
| Defendants. | |

Defendants' Motion for Summary Judgment (Doc. 33) is now fully briefed, with the Reply being filed on May 14, 2019. In the Reply, the Defendants assert for the first time that the case should be dismissed because the Plaintiff commits a fraud on the Court. The Plaintiff has filed a Sur-Response to the Reply. (Doc. 94.) The Court will allow the Sur-Response; there shall be no Sur-Reply from Defendants. The Motion for Summary Judgment is fully briefed and taken under advisement for disposition.

The Plaintiff continues to complain that he is not being provided copies of his legal documents by library staff. (Motion to Compel/Motion to Stay (Doc. 91); *see also e.g.* Order (Doc. 74) (granting Emergency Motion (Doc. 74) for extension of time to file Response to Motion for Summary Judgment due to same allegations). He asks the Court to compel Defendants to comply with this Court's prior directive that "Defendants [] ensure that the law library staff provides Plaintiff the legal copies to which he is entitled . . .. " (Order (Doc. 79) at 1.) He asks that the Court stay its ruling on the Motion for Summary Judgment until he is provided the copies that are allegedly being withheld. Plaintiff asks

for a standing Order "encompassing all documents in this case, not just the MSJ Response." *Id.* Plaintiff asks the Court to reconsider its prior Order denying him leave to file electronically because he believes electronic filing would alleviate the need for the librarian to make copies, which she allegedly is not doing for him. (Motion for Reconsideration (Doc. 93)). "Electronic filing is not available at Plaintiff's place of confinement, ASPC Baker Unit." (Order (Doc. 85) at 1.) Reconsideration is denied.

There is no basis to stay disposition of the fully briefed Motion for Summary Judgment because Plaintiff acknowledges he has been provided copies related to this motion in this case, including his Response. (Motion to Compel/Motion to Stay (Doc. 91) at 4.) The Court denies his request to stay consideration of the Motion for Summary Judgment.

The Court considers the Plaintiff's Motion to Compel and his Motion to Return Copy of Documents and Originals of Exhibits. (Doc. 96.) Allegedly because the librarian refused to make him copies, the Plaintiff asks the Court to provide him with copies of his May 31, 2019 filings, and to return the original documents he attached as exhibits to his May 31, 2019 filings. A cursory review of the numerous documents attached to the various filings reflect numerous copies which are so faint or lightly copied that they are illegible. The Court notes that the Plaintiff's notations on the form 902-2 to please darken copies, (e.g. Docs. 93 at 11; 91-1 at 9), is one of the objections upon which the librarian relied when refusing to make copies: "DO NOT WRITE ADDITIONAL COMMENTS OUTSIDE THE BOXES"; "DO NOT WRITE OUTSIDE OF THE BOXES." (Doc. 93 at 9 and 11.) If Plaintiff cannot communicate such notes to the copier, the Court imagines there shall need to be many resubmitted requests before a successful copy is secured, if ever.

A review of the original documents reflects that the originals provided by the Plaintiff are very faint carbon copies; the librarian cannot make copies which are any darker than the originals. The Court has reviewed the stated reasons why copies were not made for the Plaintiff and instead his documents were stored in the unit property room or returned

to him. It appears the librarian will not process his copying requests in part, and refuses to make any copies and returns the copy-request form in its entirety, if the request, in part, contained information, misinformation, or in some other way was non-compliant. (Doc. 93 at 9 and 11.)

The Court notes that the forms contain express instructions, such as: "List each document separately. Forms packages count as one item. Unrelated exhibits count separately. ATTACH DOCUMENTS." (Doc. 91-1 at 10.) The reasons for not copying the Plaintiff's documents are not those expressly stated on the forms. The Court does not intend to determine whether as asserted by the Defendants, the ADC employees have done nothing wrong in refusing to make the requisite legal copies. This Court is interested only in ensuring that this case proceeds. Therefore, the Defendants shall provide copies to the Plaintiff of the documents filed with the Court on May 31, 2019. The Court cannot return originals of the exhibits because the originals when scanned into the record were illegible, and the Court needs the originals to review the Plaintiff's filings. The Defendants shall secure legible copies of the originals and provide them to the Plaintiff.

**Accordingly,**

**IT IS ORDERED** that the Motion to Compel/Stay (Doc. 91) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration (Doc. 93) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Return Copy of Documents and Originals of Exhibits (Doc. 96) is GRANTED IN PART AND DENIED IN PART, as directed above: Defendants shall provide copies to the Plaintiff of all documents filed on May 31, 2019, including legible copies of the exhibit documents.

**IT IS FURTHER ORDERED** that the Motion to Seal Document Exhibit A (Doc.

/ / /

/ / /

/ / /

1 | 97) is GRANTED; the Clerk of the Court shall file the Exhibit (Doc. 98 (lodged) into the
2 | record UNDER SEAL.

Dated this 17th day of June, 2019.

Honorable David C. Bury
United States District Judge