**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-00236-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Phillip Irby, et al., | |
| Defendants. | |

On July 16, 2018, Defendants filed a Motion for Summary Judgment. After almost a year delay, Plaintiff filed his Response on April 29, 2019. Defendants filed a Reply on May 14, 2019, wherein they alleged that the Plaintiff has committed a fraud on the Court warranting dismissal of the action as a sanction. On June 18, 2019, the Court allowed the Plaintiff to file a Sur-Response to the Reply, which he had lodged with the Court on May 31, 2019. The Defendants' Motion for Summary Judgment is fully briefed and ready for disposition.

Since then, Plaintiff filed a Motion for Clarification and a Motion to Stay. Neither raise issues relevant to the pending Motion for Summary Judgment. The Motion for Clarification asks for the status of a previous directive of this Court issued on January 4, 2019. At the time the Court was waiting for Plaintiff to file the Response to the Motion for Summary Judgment. The Court had had to issue several directives to ensure that Plaintiff was given access to all his legal materials in order for him to determine which boxes he needed relevant to this case to prepare his Response. After finally reviewing all

his materials, selecting those relevant to the case and the pending motion, and giving Plaintiff a 30-day extension of time to prepare and file the Response, on the eve of the 30-day time-period the Plaintiff filed an emergency motion asking for a further extension of time because he alleged he was assaulted, his writing arm was injured, and he could not prepare the Response. The Court granted the extension of time but ordered Plaintiff to show proof of the assault. Plaintiff alleged there was a video recording of the assault. The Court ordered the Defendants to secure the video and to obtain Plaintiff's medical records for the relevant time period to assess whether he had been treated for any injury to his arm. (Order (Doc. 58)).

On January 22, 2019, Defendants filed a Notice of Compliance with the directive to secure both the video and Plaintiff's medical records but informed the Court that Plaintiff had been transferred to a Watch Unit where he could not possess papers, therefore, Defendants were trying to schedule time for the Plaintiff to review the medical records when he assaulted a correctional officer. (Notice (Doc. 59); Supplemental Notice and documentation (Doc. 60)). Due to the changed circumstances, the Court ordered that the Plaintiff was no longer required to show proof of the assault because by the time he was released from the Watch Unit, his writing arm would likely be improved so that he could then prepare the Response. (Order (Doc. 61)). Then, the Plaintiff filed a Response to the Court's January 4 Order and Motion for Extension asking to be released from the Watch Unit so he could prepare the Response. The Court denied the Plaintiff's motion but ordered the Warden to ensure that the Plaintiff had a minimum of three hours per week while on mental health watch to access pen, paper, and his legal materials. (Order (Doc. 66)).

Finally, Plaintiff filed the Response to the Defendants' Motion for Summary Judgment and the motion has been fully briefed. The Court clarifies that the video recording of the alleged December 2018 assault is not relevant evidence to any issue raised in this action.

On June 25, 2019, Plaintiff filed the Motion to Stay in conjunction with a Notice of Change of Address. The Plaintiff asks the Court to stay all proceeding until he is relocated

and has an opportunity to access his legal documents and submit vital briefs he has ready for the Court including objections, pleadings, responses, replies, etc. that he needs to file in his various cases. No such briefs, documents, etc, need to be filed in this case.[1] The dispositive motion is fully briefed and ready for a ruling by this Court.

**Accordingly,**

**IT IS ORDERED** that the Motion for Clarification (Doc. 102) is GRANTED; the Court was not provided with a copy of the video recording.

**IT IS FURTHER ORDERED** the Motion to Stay (Doc. 105) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment is taken under advisement.

Dated this 8th day of July, 2019.

Honorable David C. Bury
United States District Judge

---

[1] On June 27, 2019, Plaintiff also filed a Notice of Defenants' hindering Plaintiff's Litigation of Cases, wherein he argues that the prison librarian is refusing to e-file documents in his cases. This Court notes its Order issued on May 13, 2019, denying Motion for Electronic Filing because electronic filing is not available at Plaintiff's place of confinement. (Order (Doc. 85)); *see also* (Notice General Order 14-17 (Doc. 106), noticing case becoming subject to e-filing June 25, 2019).