**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza,<br><br>Plaintiff,<br><br>v.<br><br>Phillip Irby, et al.,<br><br>Defendants. | No. CV-17-00236-TUC-DCB<br><br>**ORDER** |

On July 25, 2019, this Court granted summary judgment for the Defendants on the merits of the Plaintiff's religious freedom claim. The Court held that Plaintiff sincerely held the religious belief that "'his Jewish faith and beliefs require him to follow Kashrut (Jewish dietary laws),' which includes adherence to a Kosher diet." (Order (Doc. 112) at 12 (quoting Complaint (Doc. 1) at 8). The Court, however, held that the sixth month termination of his Kosher diet did not substantially burden that religious belief because he admitted that "'his religion does not forbid him to eat non-Kosher food when offered nothing else.'" *Id.* at 13 (quoting Response to MSJ (Doc. 76) at 6.) The Court gave the Plaintiff ten days to show cause why unnamed Defendants should not be dismissed from the case for lack of service and failure to prosecute. (Order (Doc. 112) at 2.)

On August 9, 2019, Plaintiff filed a Motion for Extension of Time to Show Cause. (Doc. 113.) On August 13, 2019, he filed a Motion for Clarification (Doc. 114) and a Response to Defendants' Notice of Compliance (Doc. 115). He also seeks to file an affidavit of declaration as a Sur-Reply, which the Court reviews ex parte.

The Motion for Extension of Time seeks more time to respond to the order to show cause and to seek reconsideration of the Court's entry of summary judgment for Defendants. Plaintiff needs more time to respond to the OSC because he has not been able access to his legal files, and he is very busy working on four civil rights cases. As the Court noted when it gave Plaintiff leave to show cause why it should not dismiss unnamed and unserved Defendants, the Defendants were dismissed initially in the Court's screening Order and reinstated after Plaintiff assured the Court that he would endeavor through discovery to identify them, which he did not do. Plaintiff was advised in the screening Order that they were subject to dismissal unless identified and served. He has, therefore, been given notice and an opportunity for discovery. These Defendants are subject to dismissal unless Plaintiff can show a good reason for not discovering their identities when afforded the opportunity to do so. The Court cannot imagine any document contained in any record that he would need for the purpose of showing good cause for this failure, but in the event such a document exists, the Court shall allow the Plaintiff respond the show cause order by referencing the supporting document, without attaching it.

The Court will allow the same extension of time for the Plaintiff to file a Motion for Reconsideration.

Plaintiff asks the Court to send back original documents, which he previously sought and was denied. On May 31, 2019, Plaintiff made several filings and attached original documents as exhibits because he alleged the prison librarian was refusing to make legible copies of documents for him. The Court denied the request to return the documents because it had not yet reviewed the pending dispositive motion and didn't know if it might need the original copies, if they were the most legible documents. Instead, the Court ordered Defendants to secure legible copies of all the documents, including exhibits, filed on May 31, 2019, and give them to the Plaintiff. (Order (Doc. 100)).

Plaintiff still wants the originals. The Court has now ruled on the dispositive motion and in doing so was able to review the relevant record based on the electronic record. There is no need in the context of this case to retain the original documents which were submitted

to the Court on May 31, 2019. The Clerk of the Court may return all original documents attached to Sur-Response (Doc. 94) and Sealed Lodged Exhibit A (Doc. 98).

Plaintiff files a "Notice of Submission of Declaration in Support of Plaintiff's Sur-Reply/Motion to Seal," which the Court reviews ex parte. It pertains to allegations regarding problems with legal mail, which have nothing to do with this case. In the event, it pertains to another of his four civil rights cases—he needs to refile it in the relevant case.

**Accordingly,**

**IT IS FURTHER ORDERED** that the Motion of Extension of Time (Doc. 113) is GRANTED for 14 days from the filing date of this Order for Plaintiff to show cause why the unnamed Defendants should not be dismissed from this case for failure to serve and/or prosecute and for Plaintiff to file a Motion for Reconsideration.

**IT IS FURTHER ORDERED** that NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Clarification (Doc. 114) is GRANTED; the Clerk of the Court shall send Plaintiff all original documents attached to the Sur-Response (Doc. 94) and Sealed Lodged Exhibit A (Doc. 98).

**IT IS FURTHER ORDERED** that the document, Notice of Submission of Declaration in Support of Plaintiff's Sur-Reply/Motion to Seal, reviewed exparte, SHALL BE FILED UNDER SEAL, with Defense Counsel directed to not disclose it or any information contained therein to the Arizona Department of Corrections (ADC) or any party or non-party to this case.

Dated this 16th day of August, 2019.



Honorable David C. Bury
United States District Judge