**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-00236-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Phillip Irby, et al., | |
| Defendants. | |

On July 25, 2019, the Court granted summary judgment for Defendants and gave Plaintiff notice that it would dismiss unknown and unserved Defendants unless he could show cause why they should not be dismissed. The Court noted that these Defendants had been dismissed in its original screening Order, and Plaintiff was allowed to include them in a First Amended Complaint upon his assertion that he would provide the identities of the unknown Defendants through discovery. In other words, from the inception of the case, Plaintiff understood the need to discover the identities of the unknown Defendants during discovery. He did not do this.

The Plaintiff was given 10 days to show good cause as to why he failed to discover the identities of the unknown Defendants. Instead of showing cause, Plaintiff filed a Motion for Extension of Time, wherein he argued he didn't have access to his legal files and was busy working on other cases. The Court noted that it considered the original screening Order as notice to Plaintiff that he had to discover and name the Defendants or

they would be subject to dismissal. The Court also ordered that in the event his access to his legal records was restricted, he could reference any document contained in his legal files that would support his claim of good cause for not dismissing the unknown Defendants. The Court granted the Plaintiff a 14-day extension of time to show good cause. The Court ordered that "NO FURTHER EXTENSIONS OF TIME WOULD BE GRANTED." (Order (Doc. 116).)

On August 22, 2019, the Plaintiff filed another Motion for Extension of Time to File Notice of Good Cause. On August 27, 2019, the Court denied the motion and ordered the Clerk of the Court to enter Judgment for Defendants. (Order (Doc. 118).)

On August 30, 2019, Plaintiff filed a Motion to Set Aside the Order and Judgment. He also filed a Notice of Compliance with the Order to Show Cause. The Court notes that this compliance comes approximately eight days after his assertion that he needed a further extension of time. He submits that he submitted inmate letters to Trinity Central Office and Legal Services in attempts to obtain the names of the unidentified/unserved defendants. He also specifically wrote an inmate letter to Division Director Carson McWilliams asking for the names and sent at least one inmate letter to Director Charles Ryan. "He even asked defense counsel for assistance obtaining the names." (Notice (Doc. 123) at 2.) He does not attach copies of any of the alleged inmate letters. He concludes, "[t]he only way Espinoza could have, or can, obtain the identities of the unserved Defendants is if the Court either appointed him counsel for that purpose or compelled the ADC and Trinity to give them up." *Id.*

Defendants have responded that they have made a comprehensive search of their records of all correspondence from the Plaintiff, all inmate letters and responses obtained by the ADC, all discovery, and even all potentially relevant pleadings, and have not found any request from the Plaintiff regarding the identities of the unnamed defendants. (Response (Doc. 124) at 2 n.1.) This is not, however, why the Court finds the Plaintiff's Notice of Compliance is too little too late. His Notice makes it clear that he knew he could file a Motion to Compel. The record in the case makes it equally clear that he did not

hesitate to file Motions to Compel, quite effectively, in the case. For example, he obtained an order from this Court compelling the Defendants to facilitate his legal box exchanges, (Order (Doc. 41), and to file proof of access by Plaintiff to his requested legal materials, (Order (Doc. 55). The Court even ordered "the Warden in charge of Eyman-Browning [to] ensure that for a minimum of three hours per week while on mental health watch, the Plaintiff ha[d] access to pen and paper, and his legal materials for the purpose of Plaintiff's preparation of his Response to the Motion for Summary Judgment pending in this case." (Order (Doc. 66).) On this record, the Court finds that the Plaintiff has failed to show good cause for identifying the unknown Defendants during discovery.

**Accordingly,**

**IT IS ORDERED** that the Motion to Set Aside (Doc. 121) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Set Aside (Doc. 122) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Set Aside (Doc. 125) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (Doc. 126) is DENIED.

Dated this 27th day of September, 2019.

Honorable David C. Bury
United States District Judge